# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **GERALD FREEMAN McNABB,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:17CV00449 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JEFFERY B. KISER, WARDEN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Gerald Freeman McNabb*, Pro Se Petitioner; *Margaret Hoehl O'Shea, Assistant Attorney General, Richmond, Virginia,* for Respondent.

In this pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, the petitioner Gerald Freeman McNabb, a Virginia inmate, challenges the validity of his continued confinement after conviction of an institutional disciplinary charge which resulted in the denial of his discretionary parole. After review of the record, I conclude that the respondent's Motion to Dismiss must be granted because McNabb's petition is untimely filed.

I. Background.

McNabb is incarcerated at Red Onion State Prison ("ROSP") pursuant to a life sentence. He became eligible for discretionary parole on October 11, 1995. On February 10, 2016, McNabb received an institutional disciplinary offense for possessing a weapon or a sharpened instrument. McNabb declined a penalty offer

and was found guilty at the disciplinary hearing on February 16, 2016. ROSP imposed a $12 fine. McNabb then appealed his disciplinary conviction to the warden and to the regional administrator for the Western Region of the Virginia Department of Corrections. His conviction was upheld at both levels of appeal. His institutional appellate proceedings concluded on May 31, 2016.

On August 9, 2016, McNabb filed a petition for a writ of habeas corpus in the Wise County, Virginia, Circuit Court, alleging that his Fourteenth Amendment rights were violated at the institutional disciplinary hearing for the February conviction. On October 3, 2016, the state court denied his petition as incognizable under *Carroll v. Johnson*, 685 S.E.2d 647, 652 (Va. 2009) (holding that "disputes which only tangentially affect an inmate's confinement, such as . . . challenges to parole board decisions, are not proper matters for habeas corpus jurisdiction because an order entered in the petitioner's favor in those cases will not result in an order interpreting convictions or sentences that, on its face and standing alone, will directly impact the duration of the petitioner's sentence.") (citing *Va. Parole Bd. v. Wilkins*, 498 S.E.2d 695, 695 (Va. 1998)).

On August 22, 2016, the Virginia Parole Board ("VPB") denied McNabb's request for release on discretionary parole, citing: (1) his record of institutional infractions, (2) the serious nature and circumstances of his underlying offenses, and (3) his history of violence. McNabb submitted a request for reconsideration to

the VPB, arguing that the February disciplinary infraction was fabricated. The VPB denied the request for reconsideration, noting, at least in part, that the February disciplinary infraction did "not affect the reason(s) you were not granted parole." Petition, Mem. Ex. 2, VPB Appeal/ Reconsideration of Not Granted Decision, ECF No. 8-2.

On April 28, 2017, McNabb filed a habeas petition in the Supreme Court of Virginia, but the court dismissed it as untimely, procedurally barred, and incognizable pursuant to *Carroll*. *McNabb v. Kiser*, No. 170573, slip op. at 1 (Va. Sept. 14, 2017), ECF No. 22-2; *see* Va. Code Ann. § 8.01-654(A)(2) (establishing the limitations period.

On September 21, 2017, McNabb filed the current petition. Respondent moves to dismiss McNabb's petition and McNabb has responded to the motion, making the case ripe for review.

## II. Statute of Limitations.

Under the Anti-terrorism Effective Death Penalty Act, a one-year period of limitation for federal habeas corpus runs from the latest of:

> (A) [T]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) [T]he date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) [T]he date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) [T]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In the Fourth Circuit, § 2244(d)(1) applies to agency decisions such as institutional disciplinary convictions, and such judgments become final for the purposes of § 2244(d)(1)(D) when an institutional appeal is adjudicated. *Wade v. Robinson*, 327 F.3d 328, 332 (4th Cir. 2003).

A petitioner can toll the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Statutory tolling occurs when a petitioner properly files a state habeas petition within the federal limitation period; the federal habeas statute of limitation is then tolled for the duration of the state habeas proceeding. 28 U.S.C. § 2244(d)(2). Meanwhile, a petitioner is only entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544, U.S. 408, 418 (2005)).

Even accounting for statutory tolling, McNabb's petition is time-barred. McNabb's disciplinary conviction became final when the Virginia Department of Corrections Regional Administrator denied McNabb's appeal on May 31, 2016.[1] *See Wade*, 327 F.3d at 332. By the time McNabb filed a habeas petition in the Wise County Circuit Court on August 9, 2016, seventy days of the limitations period had run. His habeas petition then tolled the statute of limitations from August 9, 2016, until November 2, 2016, when the time to appeal the circuit court's decision expired.[2] McNabb did not file his federal habeas petition until September 21, 2017, 323 days later. A total of 393 days ran before McNabb filed his federal habeas petition; therefore, his petition is time-barred.

Furthermore, McNabb has not shown that he is entitled to equitable tolling because he has not asserted that he diligently pursued his rights and that some extraordinary circumstances prevented the timely filing of his federal habeas petition. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (collecting

---

[1] Respondent asserts that McNabb's conviction became final on February 16, 2016, the date of his allegedly false disciplinary convictions. This is incorrect under *Wade*.

[2] If McNabb's April 28, 2017 petition in the Supreme Court of Virginia was an appeal, it was untimely. Va. Sup. Ct. R. 5:9(a) (requiring a petitioner to file a notice of appeal within thirty days of a judgment). Alternatively, if McNabb intended to file a new habeas petition, the petition was both untimely and procedurally barred. Va. Code §§ 8.01-654, 8.01-663. Therefore, McNabb's proceeding in the Supreme Court of Virginia did not toll the limitations period because it was not properly filed. 28 U.S.C. § 2244(d)(2) (A petitioner is entitled to tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending.").

cases holding that "ignorance of the law is not a basis for equitable tolling"); *United States v. Berry*, No. 3:09cr00019-1, 2013 WL 150319, at *2 (W.D. Va. Jan. 14, 2013) (collecting cases asserting that "[r]eliance on the difficulties inherent in prison life is insufficient to demonstrate equitable tolling.").

Lastly, a colorable claim of actual innocence can serve as a "gateway" to secure the adjudication of an otherwise unreviewable claim. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013). For a petitioner to claim actual innocence, new "evidence must establish sufficient doubt about [a petitioner's] guilt to justify the conclusion that his [incarceration] would be a miscarriage of justice *unless* his conviction was the product of a fair trial." *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

"[H]abeas corpus petitions that advance a substantial claim of actual innocence are extremely rare." *Id.* at 321. To state such a claim, the petitioner must satisfy a "rigorous" burden by "support[ing] his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Id.* at 324. Further, "[h]aving been convicted . . . [petitioner] no longer has the benefit of the presumption of innocence. . . . To the contrary, [petitioner] comes before the habeas court with a strong—and in the vast majority of the cases conclusive—presumption of guilt." *Id.* at 326 n.42.

McNabb fails to demonstrate a fundamental miscarriage of justice. Although McNabb claims that officers fabricated the charge against him, he does not assert an actual innocence argument or present compelling new evidence unavailable at his hearing or on appeal. *See Burket v. Angelone*, 208 F.3d 172, 183 n.10 (4th Cir. 2000) (finding that as petitioner bears burden to raise cause and prejudice or actual innocence, a court need not consider either if not asserted by petitioner). Instead, he attempts to support his argument with conclusory statements and alleged evidence sufficiency issues. First, conclusory allegations are not entitled to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Second, the seminal "actual innocence" cases relied on compelling evidence of actual innocence that demonstrated "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### III. Conclusion

For the stated reasons, I conclude that McNabb's habeas petition is untimely filed under 28 U.S.C. § 2244(d). Therefore, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED: May 21, 2018

/s/ James P. Jones
United States District Judge